Hoffman (Charles W.), J.
In this case a petition for alimony has been filed, alleging grounds for alimony and praying that a decree may be granted and that the property set forth in the petition be appropriated to the payment of such amount as may be allowed plaintiff for the maintenance and support of herself and children. An injunction has been issued, restraining the defendant from disposing of his property. The defendant was served with summons personally outside the state in conformity with Section 11297 of the General Code. The procedure thus far in the case is sanctioned by the Supreme Court in the case of Benner v. Benner, 63 O. S., 220, with the exception of the service of summons.
The defendant filed the following motion upon which this cause now comes on for hearing:
“Now comes Woodford Thomas Stewart, being the same per-. son named as defendant in the above entitled cause, and, not entering his appearance herein, appearing for the purposes of this motion only, moves the court to set aside and hold for *185 naught the pretended service of summons and copy of petition, attempted to be made on him on July 23, 1917, for the reason that said pretended service of summons and copy of petition was attempted to be made without authority of law.”
In this state, and in practically all of the courts of other states, it has been held that actions for divorce or alimony are governed solely by statute or positive enactments. In the case of DeWitt v. DeWitt, 67 O. S., 340, Justice Spear in the opinion on page 347 says, after discussing the principles upon which our divorce and alimony code is founded, that:
“It may be fairly claimed from the foregoing that courts in Ohio have no general equity jurisdiction in suits for alimony, but that the jurisdiction is such and such only as is given by the statute. ’ ’
It is clear from an examination of the authorities that there was no common law action for divorce or for alimony, and that jurisdiction in these cases is derived from the statutes concerning them. It is a general rule that statutes of this character must be strictly construed. We find, however, that in respect to statutes that concern alimony and divorce there is great contrariety of opinion. Bishop in his work on Divorce and Alimony expressly refers to this anomaly in construction and interpretation. Whatever may be the weight of authority as to whether they should be liberally or strictly construed, it is clear that no' decree for alimony or divorce can be granted except as prescribed by statute, and that service of summons and kindred matters in these cases must be in accordance with the provisions of the divorce code.
Section 11984 of the General Code providing for service by publication and notice when the defendant’s residence is unknown is as follows:
“If the defendant is not a resident of this state or his residence is unknown, notice of the pendency of the action must be given by publication as in other cases. Unless it be made to appear to the court, by affidavit or otherwise, that his residence is unknown to the plaintiff, and could not with reasonable dili *186 gence be ascertained, a summons and copy of the petition, forthwith on the filing of it, shall be deposited in the post office, directed to the defendant at his place of residence. ’ ’
It is apparent that in the case at bar the defendant has not been served according' to the provisions of this section; and, it is contended that this section should be ignored inasmuch as the . defendant has been served personally in Mississippi as provided in Section 11297, and that it is sought by a provisional remedy to appropriate property for the payment for. any decree of alimony that may be allowed, in accordance with paragraph 7 of Section 11292 of the Code.
Section 11984 provides that in actions for alimony or divorce, if the defendant is a non-resident, pendency of the action must be given publication as in other cases. This general provision in respect to publication as in other cases is qualified and limited by the next clause in this section, which provides:
“Unless it'be made to appear to the court, by affidavit or otherwise, that his residence is unknown to the plaintiff, and could not with reasonable diligence be ascertained, a summons and copy of the petition, forthwith on the filing of it, shall be deposited in the post office, directed to the defendant at his place of residence.”
The court .has no jurisdiction to grant a decree for alimony if the provisions of the statute as to the service of summons and publication are not followed.
The case at bar is an action for alimony with an additional prayer for the appropriating of property for the payment thereof. It is an action in rem, and the Supreme Court in the case of Benner v. Benner, 63 O. S., 220, has held that it comes within the provisions of paragraph 7 of Section 11292 of the Code. 'This section authorized' service by publication in the various cases mentioned therein. In the above mentioned case, viz., Benner v. Benner, publication was made under Section 11984, and the court in that case did not suggest that publication could be made under any section of the code other than 11984. T.o have done so would have created an inconsistency that practically would *187 have rendered tlie statutes concerning alimony a nullity and created a new cause of action not authorized by statute. Whatever may have been the motive of the Legislature, it clearly enacted that before a decree for alimony is granted a copy of the summons and petition must be mailed to defendant if it appears his residence is known. Other inconsistencies, too, would arise, among which is the time when publication is completed and the case may be heard. Section 11292 provides that ‘ ‘ service may be made by publication in any of the following eases,” etc. It is the opinion of the court that if the case is an action for alimony, then the publication must be under Section 11984; the consistency of the statutes providing for actions for alimony with other sections of the General Code will thus be maintained.
In the case of Stover v. Stover, 13 N.P.(N.S.), 550, which is a case for divorce wherein the defendant was served personally out of the state, the syllabus is as follows:
“The statutory provisions for service of summons in actions for divorce should be strictly construed and followed, which requires that where the defendant is a non-resident of the state notice must be given by publication, and not by personal service.”
That the ease at bar differs from the Stover case in that the former is for alimony only, and the fact that a provisional remedy is invoked, is not material. The method of notifying a defendant in a divorce or alimony ease is the same and the plain provisions of the statute can not be ignored. The motion of the defendant is granted and an entry may be presented accordingly.